MANATT, PHELPS & PHILLIPS, LLP
ANDREW L. SATENBERG, Bar No. CA 174840
ASatenberg@manatt.com
CHERISE S. LATORTUE, Bar No. CA 274041
CLatortue@manatt.com
11355 West Olympic Boulevard
Los Angeles, CA  90064-1614
Telephone:  (310) 312-4000
Facsimile:  (310) 312-4224

*Attorneys for Defendants*
DEL TACO, LLC (erroneously sued as
DEL TACO RESTAURANTS, INC.),
FLOANEA "EKA" BROSCOI, and NORMA HERRERA

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RACHEL WARREN,<br><br>        Plaintiff,<br><br>    v.<br><br>DEL TACO RESTAURANTS, INC.; PAUL J.B. MURPHY, III; FLOANEA "EKA" BROSCOI; NORMA HERRERA; AND DOES 1 THROUGH 10, INCLUSIVE,<br><br>        Defendants. | CASE NO: 5:18-CV-0082-JGB (SPX)<br><br>**DEFENDANTS DEL TACOS, LLC'S NOTICE OF MOTION AND MOTION TO COMPEL ARBITRATION**<br><br>Date:        April 23, 2018<br>Time:        9:00 am<br>Courtroom:  1<br>Judge:       Hon. Jesus G. Bernal |

DEL TACO'S NOTICE OF MOTION AND MOTION TO COMPEL ARBITRATION

**TO THE COURT, PLAINTIFF, AND HIS COUNSEL OF RECORD:**

PLEASE TAKE NOTICE THAT on April 23, 2018 at 9:00 am, in Courtroom 1 of the United States District Court for the Central District of California, located at 3470 Twelfth Street, 1st Floor, Riverside, CA 92501, Defendant Del Taco, LLC (erroneously sued as Del Taco Restaurants, Inc., hereinafter "Del Taco") joined by Floanea "Eka" Broscoi, and Norma Herrera[1] (collectively, "Defendants"), will and hereby does move for an order compelling arbitration of any and all disputes between Defendants and Plaintiff Rachel Warren ("Plaintiff") arising out of her employment with Del Taco, including all claims and causes of action Plaintiff asserts against Defendants in her Complaint in this action. Because the arbitration agreement by which Plaintiff is bound requires Plaintiff to arbitrate her claims, Plaintiff's Complaint should be dismissed.

This Motion is made pursuant to the Federal Arbitration Act (9 U.S.C. §§ 1, et seq.) and FRCP 12(b)(6) on the ground that the parties' arbitration agreement contains a binding, enforceable agreement to arbitrate any disputes, including all claims alleged in Plaintiff's Complaint, thus rendering dismissal appropriate.

This Motion is based upon this notice of motion, the accompanying Memorandum of Points and Authorities, the declarations of Jeanne Graves and Cherise Latortue filed concurrently herewith, all pleadings on file in this action, and any and all such further arguments and evidence as may be presented at the hearing of this Motion, and any other matters that the Court may consider.

This motion is made following counsel for Defendants' attempts to engage counsel for Plaintiff in a conference of counsel pursuant to L.R. 7-3. Counsel for Defendants met and conferred with Plaintiff's counsel, both telephonically and written correspondence, on January 4, 26, February 3, 6, and 9. Following several

---

[1] Defendant Paul Murphy was not a Del Taco employee at the time the Complaint was filed, and in fact, has not worked at Del Taco since June 2017 (3 months after Plaintiff was hired). Thus, any attempted service on him at Del Taco, as purported in the Proof of Service of Summons relative to Mr. Murray is invalid. Accordingly, Mr. Murphy has not appeared in this action.

DEL TACO'S NOTICE OF MOTION AND MOTION COMPEL ARBITRATION

1    meet and confer efforts, Plaintiff expressly refused to submit this case to arbitration.

2    (Declaration of Cherise S. Latortue ("Latortue Decl.", ¶¶ 4-6.)

3

4

5    Dated: March 22, 2018                    MANATT, PHELPS & PHILLIPS, LLP

6

7    By: */s/ Andrew Satenberg*
     Andrew Satenberg
     Cherise Latortue
8    Attorneys for Defendants
     DEL TACO, LLC, FLOANEA
9    "EKA" BROSCOI, and NORMA
     HERRERA
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**TABLE OF CONTENTS**

**Page**

I.   INTRODUCTION ...............................................................................................1

II.   FACTUAL BACKGROUND ...........................................................................2

    A.   Plaintiff's Employment With Del Taco and Her Agreement to Resolve All Disputes Arising Out of That Employment According To The Mutual Agreement To Arbitrate............................2

    B.   Plaintiff Refuses To Submit Her Claims To Arbitration Pursuant To The Arbitration Agreement ...............................................2

III.   PLAINTIFF'S CLAIMS MUST BE ARBITRATED ....................................3

    A.   The Federal Arbitration Act Requires Arbitration..............................3

    B.   A Valid Agreement to Arbitrate Exists................................................5

    C.   Plaintiff And Del Taco Are Bound By The Agreement and the Agreement Covers Each Of the Claims Raised In Plaintiff's Complaint...............................................................................................8

    D.   The Arbitration Agreement Is Enforceable; The Arbitration Agreement Is Not Unconscionable ......................................................9

        1.   The Arbitration Agreement Provides For A Neutral Arbitrator ...................................................................................10

        2.   The Arbitration Agreement Allows For More Than Minimal Discovery ...................................................................10

        3.   The Arbitration Agreement Requires A Written Decision.......10

        4.   The Arbitration Agreement Permits Relief Otherwise Available In Court ....................................................................11

        5.   There Are No Unreasonable Costs Or Fees For Plaintiff........11

        6.   The Arbitration Agreement Is Bilateral...................................12

IV.   CONCLUSION ...............................................................................................12

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

i

DEL TACO'S NOTICE OF MOTION AND MOTION COMPEL ARBITRATION

## TABLE OF AUTHORITIES

**Page**

### CASES

*Armendariz v. Foundation Health Psychcare Servs., Inc.*,
24 Cal. 4th 83 (2000) ...................................................................9, 10, 11, 12

*AT&T Mobility, LLC v. Concepcion*,
131 S. Ct. 1740 (2011) ...........................................................................3

*Baker v. Sadick*,
162 Cal. App. 3d 618 (1984) ...................................................................4

*Buckeye Check Cashing, Inc. v. Cardegna*,
546 U.S. 440 (2006) ...............................................................................3

*Buckhorn v. St. Jude Heritage Med. Group*,
121 Cal. App. 4th 1401 (2004) ...............................................................4

*Cohn v. Ritz Transp., Inc.*,
No. 2:11-CV-1832 JCM NJK, 2014 WL 1577295 (D. Nev. Apr. 17, 2014)........8

*Cox v. Ocean View Hotel Corp.*,
533 F. 3d 1114 (9th Cir. 2008) ...............................................................4

*Dean Witter Reynolds, Inc v. Byrd*,
470 U.S. 213 (1985) ...............................................................................4

*Espejo v. S. California Permanente Med. Grp.*,
246 Cal. App. 4th 1047 (2016), review denied (Aug. 17, 2016) .........................5

*Ferguson v. Corinthian Colleges, Inc.*,
733 F.3d 928 (9th Cir. 2013)...................................................................3

*First Options of Chicago, Inc. v. Kaplan*,
514 U.S. 938 (1995) ...............................................................................5

*Fitz v. NCR Corp.*
(2004) 118 Cal. App. 4th 702...................................................................9

*Graham v. Scissor-Tail, Inc.*,
28 Cal. 3d 807 (1981) .............................................................................9

*Green Tree Fin. Corp. v. Randolph*,
531 U.S. 79 (2000) .................................................................................3

*Hall St. Assoc., LLC v. Mattel, Inc.*,
552 U.S. 576 (2008) ...............................................................................3

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

DEL TACO'S NOTICE OF MOTION AND MOTION COMPEL ARBITRATION

1
2

## TABLE OF AUTHORITIES
### (continued)

**Page**

3    *Kilgore v. Keybank, N.A.*,
4        718 F. 3d 1052 (9th Cir. 2013) ....................................................................... 4

5    *Moncharsh v. Heily & Blasé*,
        3 Cal. 4th 1 (1992) ......................................................................................... 4
6
     *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*,
7        460 U.S. 1 (1983) ................................................................................... 3, 4, 8

8    *Mundi v. Union Sec. Life Insur. Co.*,
        555 F.3d 1042 (9th Cir. 2009) ....................................................................... 5
9
     *Perry v. Thomas*,
10       482 U.S. 483 (1987) ....................................................................................... 3

11   *Pinnacle Museum Tower Ass'n v. Pinnacle Mkt. Dev. (US), LLC*,
12       55 Cal. 4th 223 (2012) ................................................................................... 9

13   *Rowe v. Exline*,
        153 Cal. App. 4th 1276 (2007) ....................................................................... 4
14
     *Ruiz v. Moss Bros. Auto Grp.*,
15       232 Cal. App. 4th 836 (2014) ................................................................. 6, 7, 8

16   *Tagliabue Tagliabue v. J.C. Penney Corp.*,
        2015 WL 8780577 (E.D. Cal. Dec. 15,. 2015) .............................................. 7
17
     *United Transportation Union v. Southern Cal. Rapid Transit Dist.*,
18       7 Cal. App. 4th 804 (1992) ............................................................................ 4

19   *Vianna v. Doctors' Management Co.*,
        27 Cal. App. 4th 1186 (1992) ........................................................................ 4
20
     *Weeks v. Crow*,
21       113 Cal. App. 3d 350 (1980) .......................................................................... 4

22   **STATUTES**

23   9 U.S.C. § 2 ........................................................................................................ 3

24   California Code of Civil Procedure § 1280 *et seq.* ............................................ 4

25   California Code of Civil Procedure § 1281.2 ................................................. 4, 9

26   California Code of Civil Procedure § 1283.5 .................................................. 10

27
28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

iii

DEL TACO'S NOTICE OF MOTION AND MOTION COMPEL ARBITRATION

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

### I.    INTRODUCTION

3        Plaintiff Rachel Warren's ("Plaintiff") action arises out of her current

4    employment relationship with Defendant Del Taco, LLC ("Del Taco") and

5    purports to seek damages from Defendants Del Taco, Floanea "Eka" Broscoi, and

6    Norma Herrera (collectively "Defendants") for alleged violations of the California

7    Fair Employment and Housing Act ("FEHA"), California Family Rights Act

8    ("CFRA") and the Civil Rights Act of 1866.   (Complaint, 1:21-28; 9:2-15:21.)

9    Plaintiff's claims, however, are subject to a Mutual Agreement to Arbitrate Claims

10   (the "Arbitration Agreement") which unambiguously requires her to arbitrate the

11   claims she asserts against Defendants.  (Exhibit A to Declaration of Jeanne Graves

12   ("Graves Decl."), §1 ("Claims Covered by this Agreement" - "*...the Company and

13   *I mutually consent to the resolution by binding arbitration of all claims or causes*

14   *of action that Company may have against me or that I may have against the*

15   *Company or the Company's current and former ... employees …*")

16   Notwithstanding, however, Plaintiff has declined to submit her claims to

17   arbitration as required by the Arbitration Agreement.

18       Del Taco, joined by Defendants Broscoi and Herrera, will and hereby does

19   move this Court for an order compelling arbitration of any and all disputes between

20   Defendants and Plaintiff arising out of her employment relationship with Del Taco,

21   including all of the claims asserted in Plaintiff's Complaint.   Because the

22   Arbitration Agreement bars her from bringing her claims in this Court, Plaintiff's

23   claims should also be dismissed.

24

25

26   //

27   //

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

1

## II.   FACTUAL BACKGROUND

### A.   Plaintiff's Employment With Del Taco and Her Agreement to Resolve All Disputes Arising Out of That Employment According To The Mutual Agreement To Arbitrate.

On or about April 20, 2017, Plaintiff accepted employment with Del Taco. At the commencement of her employment, Plaintiff was provided with an Arbitration Agreement, which she electronically signed. (Declaration of Jeanne Graves ("Graves Decl."), ¶¶ 8, 11-12; Exh. A, Exh. B Electronic Signature to Arbitration Agreement.)   By this agreement, Plaintiff and Del Taco mutually agreed to arbitrate: (1) claims for discrimination or harassment (including but not limited to race, sex, religion, national origin, age…."; and (2) "claims for violation of any federal, state, local or law other law, statute, regulation or ordinance." (Graves Decl., Exh. A, at ¶1.)   This includes claims Plaintiff may have against Del Taco, or any of its former or current employees.   *Id.*   Plaintiff is still employed by Del Taco.

### B.   Plaintiff Refuses To Submit Her Claims To Arbitration Pursuant To The Arbitration Agreement.

Rather than submitting her claims to arbitration, Plaintiff initiated the instant action against Defendants, alleging various claims for purported violations of the FEHA, CFRA, and Civil Rights Act of 1866.   Prior to initiating her action, counsel for Del Taco advised counsel for Plaintiff about the Arbitration Agreement, and demanded that Plaintiff submit her claims to arbitration.   Counsel for Del Taco reiterated this demand after Plaintiff filed her complaint, on multiple occasions between January 26 and February 9, 2018.   (Declaration of Cherise S. Latortue ("Latortue Decl."), ¶¶ 4-6.)   Plaintiff declined to do so, thus necessitating the filing of this Motion.

//

//

### III. PLAINTIFF'S CLAIMS MUST BE ARBITRATED.

#### A. The Federal Arbitration Act Requires Arbitration.

As affirmed by the United States Supreme Court in *AT&T Mobility, LLC v. Concepcion*, 131 S. Ct. 1740, 1745 (2011) ("*Concepcion*"), the Federal Arbitration Act ("FAA") declares a liberal policy favoring the enforcement of arbitration agreements. The FAA provides: "A written provision in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction ... shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2.

The FAA "reflects an emphatic federal policy in favor of arbitration." *Ferguson v. Corinthian Colleges, Inc.*, 733 F.3d 928, 932 (9th Cir. 2013). In enacting the FAA, Congress sought to overcome widespread judicial hostility to the enforcement of arbitration agreements. *See Hall St. Assoc., LLC v. Mattel, Inc.*, 552 U.S. 576, 581 (2008); *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 443 (2006) (explaining that the FAA was enacted "[t]o overcome judicial resistance to arbitration"). It is designed "to move the parties to an arbitrable dispute out of court and into arbitration as quickly and easily as possible." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 22 (1983). To this end, the FAA not only places arbitration agreements on equal footing with other contracts, but amounts to a "congressional declaration of a liberal federal policy favoring arbitration agreements." *Perry v. Thomas*, 482 U.S. 483, 489 (1987) (emphasis added).

The party opposing arbitration bears the burden of showing that the arbitration provision is unenforceable. *Green Tree Fin. Corp. v. Randolph*, 531 U.S. 79, 91–92 (2000). "Any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

3

DEL TACO'S NOTICE OF MOTION AND MOTION TO COMPEL ARBITRATION

construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability." [2]*Moses H. Cone Mem'l. Hosp.*, 460 U.S. at 24-25.

The FAA "leaves no place for the exercise of discretion by a district court, but instead mandates that district courts *shall* direct the parties to proceed to arbitration on issues to which an arbitration agreement has been signed." *Dean Witter Reynolds, Inc v. Byrd*, 470 U.S. 213, 218 (1985) (italics in original). Therefore, "the FAA limits courts' involvement to determining (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue." *Cox v. Ocean View Hotel Corp.*, 533 F. 3d 1114, 1119 (9th Cir. 2008) (internal quotation marks and citations omitted); *see also, Kilgore v. Keybank, N.A.*, 718 F. 3d 1052, 1058 (9th Cir. 2013).

Here, (1) a valid Arbitration Agreement under the FAA exists, (2) the scope of the Arbitration Agreement encompasses all of the claims asserted in Plaintiff's

---

[2]Although the FAA governs Plaintiff's Arbitration Agreement, it is instructive to note that California law also favors arbitration and that the same result would occur if the Arbitration Agreement were enforced under California Law.  California Code of Civil Procedure section 1281.2 *mandates* that a court compel arbitration where there is a valid agreement to arbitrate and where one party to the agreement refuses to arbitrate at another's request, except in limited enumerated circumstances not applicable here.  Code Civ. Proc. § 1281.2 ("On petition of a party to an arbitration agreement alleging the existence of a written agreement to arbitrate a controversy and that a party thereto refuses to arbitrate such controversy, the court *shall* order the petitioner and the respondent to arbitrate the controversy if it determines that an agreement to arbitrate the controversy exists.") (Emphasis added); *see also Rowe v. Exline*, 153 Cal. App. 4th 1276, 1282 (2007) ("Section 1281.2 generally mandates arbitration of all claims that are subject to an enforceable arbitration agreement").  The California Supreme Court has noted that by Section 1280 *et seq.*, "the Legislature has expressed a strong public policy in favor of arbitration" and that "courts will indulge every intendment to give effect to such proceedings." *Moncharsh v. Heily & Blasé*, 3 Cal. 4th 1, 9 (1992) (internal citations and quotations omitted).  Further, California courts have held that "arbitration agreements should be liberally interpreted, and arbitration should be ordered unless the agreement clearly does not apply to the dispute in question." *Vianna v. Doctors' Management Co.*, 27 Cal. App. 4th 1186, 1189 (1992) (internal citations and quotations omitted); *see also Weeks v. Crow*, 113 Cal. App. 3d 350, 353 (1980).  Finally, any "[d]oubts as to whether an arbitration clause applies to a particular dispute are to be resolved in favor of sending the parties to arbitration." *Vianna*, 27 Cal. App. 4th at 1189; *see also United Transportation Union v. Southern Cal. Rapid Transit Dist.*, 7 Cal. App. 4th 804, 808 (1992).  Because contractual arbitration is a highly favored means of dispute resolution, arbitration agreements are liberally construed, and any doubts as to the arbitrability of a dispute "should be resolved in favor of deferring to arbitration proceedings." *Rowe*, 153 Cal. App. 4th at 1282; *Baker v. Sadick*, 162 Cal. App. 3d 618, 623 (1984).  The party opposing arbitration bears the burden to demonstrate that an arbitration clause cannot be interpreted to require arbitration of a dispute. *Buckhorn v. St. Jude Heritage Med. Group*, 121 Cal. App. 4th 1401, 1406 (2004).

DEL TACO'S NOTICE OF MOTION AND MOTION TO COMPEL ARBITRATION

Complaint, and (3) the Arbitration Agreement is neither procedurally, nor substantively unconscionable.  As such, Plaintiff's Complaint should be dismissed and the parties ordered to arbitration.

### B.    A Valid Agreement to Arbitrate Exists.

When deciding whether an arbitration agreement is valid, courts "apply general state-law principles of contract interpretation, while giving due regard to the federal policy in favor of arbitration by resolving ambiguities as to the scope of arbitration in favor of arbitration." *Mundi v. Union Sec. Life Insur. Co.*, 555 F.3d 1042, 1043 (9th Cir. 2009); *see also First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995).  Here, as evidenced by the Mutual Agreement to Arbitrate attached to the Declaration of Jeanne Graves as Exhibit A, a valid agreement to arbitrate exists.

Notably, since 2015, Del Taco has required all of its employees, including new hires, to use their unique login ID and password when they logged into the HR system and signed electronic forms and agreements.  Thus, in 2017, when Plaintiff applied to Del Taco, Del Taco used an electronic system to process Plaintiff's employment application.  (Graves Decl., ¶¶ 5-12.)  Specifically, applicants would go to www.deltaco.com/careers to apply for a position. *Id.* at 5.  Once the applicant clicked on an application link, he or she was redirected to Del Taco's "PeopleMatter" site. *Id.*¶  In order to use that site, the applicant first needed to create a username (which was the applicant's email address), and a unique password. *Id.*  In other words, when job applicants created PeopleMatter login information, they had not interacted with Del Taco during the application process in any way other than through Del Taco's website. *Id.*

Del Taco takes security precautions to protect users' login information. *See Espejo v. S. California Permanente Med. Grp.*, 246 Cal. App. 4th 1047, 1062 (2016), review denied (Aug. 17, 2016) (noting employer's "security precautions").

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

DEL TACO'S NOTICE OF MOTION AND MOTION TO COMPEL ARBITRATION

Employees and managers at Del Taco's restaurants do not have the ability to access PeopleMatter password information. (Graves Decl. ¶ 6.)

Further, while Del Taco restaurant managers have the ability to reset a user's PeopleMatter password upon the user's request, PeopleMatter keeps record of the password reset and automatically sends the user (not the manager) an email notifying him or her of the reset. *Id.* Thus, a PeopleMatter user's password is known only to that user, unless the user gave the information to somebody else. *Id.* Once an applicant creates a PeopleMatter login, he or she could then fill out an electronic application. (Graves Decl. ¶ 7.) This process must to be completed in one sitting, applicants cannot save their work, and the PeopleMatter login would "time out" after a certain amount of time in order to protect the security of the applicant's login and other personal information. *Id.* Once the application is completed and submitted, it is sent electronically to the relevant restaurant manager, who then selects candidates to interview. *Id.*

If an applicant is selected for hire after an interview, PeopleMatter would automatically send a form email to the applicant. (Graves Decl. ¶ 8.) This email notifies the applicant of the hiring decision and asks him or her to complete "onboarding" documents before the first day of work. *Id.* Onboarding documents are located on the PeopleMatter site and cannot be accessed until after the applicant logs in with his or her unique username and password. The Arbitration Agreement is among the onboarding documents. An applicant needs to click on a "PDF" of the agreement, then electronically sign the document using his or her PeopleMatter login information. *Id.* When an applicant electronically signs a document, PeopleMatter generates an electronic signature showing the date (and sometimes the time) the document was signed. *Id.* at ¶ 9; *see also Ruiz*, 232 Cal. App. 4th at 844 (noting employer's ability to determine whether date and time stamps were accurate). The document and the electronic signature are stored within the employee's profile within PeopleMatter. (Graves Decl. ¶ 9.) After an

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

DEL TACO'S NOTICE OF MOTION AND MOTION TO COMPEL ARBITRATION

applicant completes the onboarding documents, PeopleMatter sends a notification to the restaurant, notifying that location that the process is complete.  *Id*. at ¶ 10. Del Taco does not allow employees to begin work in a restaurant until this onboarding process is complete and all onboarding documents have been electronically signed.  *Id.*

In Plaintiff's case, Plaintiff was interviewed and hired on April 20, 2017, and her onboarding information was emailed to her that same day.  *Id.* at ¶ 11. Plaintiff's onboarding documents are all electronically signed and date stamped April 20, 2017.  *Id.* at ¶ 12.  The Arbitration Agreement was electronically signed, with a date stamp of April 20, 2017.  *Id.*  Plaintiff's other onboarding documents were also electronically signed with a April 20, 2017 date stamp, including her (1) "401K Plan Highlights 2015," (2) "ACA Exchange Notification," (3) "At Will Employment Agreement," (4) "CA Field Required Notices and Disclosures" Criminal History Information," (5) "Code of Ethics Policy," (6) "Criminal History Information," (7) "Del Taco Employee Handbook," (8) "Electronic Pay Statements," (9) "Health and Hygiene Policy Acknowledgement," (10) "Meal Period Acknowledgment," and (11) "Unlawful Harassment Policy Acknowledgement."  *Id.* ¶ 13; s*ee also Tagliabue v. J.C. Penney Corp.*, 2015 WL 8780577 at *3 (E.D. Cal. Dec. 15,. 2015) (noting that arbitration agreement was one of many documents electronically signed).

Notably, the electronic signature on the Arbitration Agreement as well as the other policies and onboarding documents, could only have been placed by a person using Plaintiff's unique login ID ("Warren5147") and password.  *Id.* at ¶¶ 11, 16; *see Ruiz v. Moss Bros. Auto Grp.*, 232 Cal. App. 4th 836, 844 (2014) (explaining the burden required to establish a valid arbitration agreement exists where the agreement was effectuated by electronic signatures).  Further, the date printed next to the electronic signature indicates the date the electronic signature was made.  *Id.* at 12.

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

DEL TACO'S NOTICE OF MOTION AND MOTION TO COMPEL ARBITRATION

Given this process, no one but Plaintiff could have electronically signed the Arbitration Agreement. Accordingly, Del Taco has met its burden of proving the existence of an agreement—"not a difficult evidentiary burden to meet." *Ruiz v. Moss Bros. Auto Grp.*, 232 Cal. App. 4th 836, 844 (2014).

## C. Plaintiff And Del Taco Are Bound By The Agreement and the Agreement Covers Each Of the Claims Raised In Plaintiff's Complaint.

As set forth in the Arbitration Agreement, Plaintiff and Del Taco expressly and mutually agreed to arbitrate "all claims or causes of action" that Del Taco may have against Plaintiff and that Plaintiff may have against Del Taco and its employees. Paragraph 1, which sets forth the claims covered by the agreement, includes, in pertinent part: (1) "claims for discrimination or harassment (including but not limited to race, sex, religion, national origin, age…."; and (2) "claims for violation of any federal, state, local or law other law, statute, regulation or ordinance". Accordingly, the claims asserted in the Complaint fall squarely within the scope of the Arbitration Agreement. There is no language in the Arbitration Agreement or any other evidence indicating an intent to exclude any of Plaintiff's claims from arbitration. In any event, "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Moses H. Cone Mem. Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 24-25 (1983); *see also Cohn v. Ritz Transp., Inc.,* No. 2:11-CV-1832 JCM NJK, 2014 WL 1577295, at \*12 (D. Nev. Apr. 17, 2014) (same, quoting *Moses*).

Accordingly, the Arbitration Agreement encompasses all of Plaintiff's claims, and subject to any applicable state law contract defenses, this Court is required to compel arbitration.

//

//

//

### D.   The Arbitration Agreement Is Enforceable; The Arbitration Agreement Is Not Unconscionable.

Plaintiff cannot escape her obligations under the Arbitration Agreement by claiming that it is unconscionable. "Unconscionability is an affirmative defense to the enforcement of a contract. *Graham v. Scissor-Tail, Inc.*, 28 Cal. 3d 807, 820 (1981).   "The party resisting arbitration bears the burden of proving unconscionability." *Pinnacle Museum Tower Ass'n v. Pinnacle Mkt. Dev. (US), LLC*, 55 Cal. 4th 223, 247 (2012).

Unconscionability has both a substantive and a procedural element.  An agreement to arbitrate is unenforceable only where both substantive and procedural unconscionability exist; it is not enough that one may exist without the other. *See, e.g., Armendariz v. Foundation Health Psychcare Servs., Inc.*, 24 Cal. 4th 83, 114 (2000) (both forms of unconscionability must be present to defeat contract formation).

Under *Armendariz*, the leading California case on the issue of agreements to arbitrate employment disputes, mandatory employment arbitration agreements are not unconscionable and will be enforced when they: (1) provide for neutral arbitrators; (2) provide for more than minimal discovery; (3) provide for a written award and judicial review; (4) provide for all of the types of relief that would otherwise be available in court; (5) do not require employees to bear unreasonable expenses, arbitration forum costs, or expenses they would not be required to bear if they brought their action in court; and (6) provide a "modicum of bilaterality" between employee and employer.  *See id.* at 102-112, 117; *Fitz v. NCR Corp.* (2004) 118 Cal. App. 4th 702, 711-13.

The Arbitration Agreement meets all of the *Armendariz* factors.  Therefore, the statute requires that the Court "***shall***" order the parties to arbitrate. Code Civ. Proc. § 1281.2.

### 1.    The Arbitration Agreement Provides For A Neutral Arbitrator

The Arbitration Agreement provides for the selection of a neutral arbitrator as follows:

> The arbitration will have experience in arbitrating employment disputes and will be selected by the mutual agreement of the parties.  If the parties cannot agree on a neutral arbitrator, I first, and then the Company, will alternatively strike names from a list of arbitrators provided by JAMS until only one name remains.

(Exh. A, ¶ 6 "Arbitration Procedures.")  Therefore, this first *Armendariz* factor is met.

### 2.    The Arbitration Agreement Allows For More Than Minimal Discovery

*Armendariz* does not require unlimited civil discovery – it merely holds that an employee is "at least entitled to discovery sufficient to adequately arbitrate [her] . . . claim, including access to essential documents and witnesses, as determined by the arbitrator(s)[.]" *Armendariz*, 24 Cal. 4th at 106.

Here, the parties are entitled to ample discovery pursuant to the Arbitration Agreement.  Indeed, the Arbitration Agreement specifies as follows:

> The arbitration shall provide for written discovery and depositions as provided in California Code of Civil Procedure Section 1283.5 …

*Id.*    Accordingly, the Arbitration Agreement satisfies the requirements of *Armendariz* in this regard.

### 3.    The Arbitration Agreement Requires A Written Decision

*Armendariz* held that a lawful employment arbitration agreement must require the arbitrator to "issue a written arbitration decision that will reveal, however briefly, the essential findings and conclusions on which the award is based." *Armendariz*, 24 Cal. 4th at 107.

Here, the Arbitration Agreement meets this requirement by stating expressly, "[t]he arbitration shall provide for … a written decision by the arbitrator that includes the essential findings and conclusions upon which the decision is based." *Id.*

### 4. The Arbitration Agreement Permits Relief Otherwise Available In Court

The *Armendariz* court also set forth that "an arbitration agreement may not limit statutorily imposed remedies such as punitive damages and attorney's fees[.]" *Armendariz,* 24 Cal. 4th at 103.

In the instant case, there is no limitation on the type of relief available to the parties. Indeed, the Arbitration Agreement expressly provides that "[t]he arbitrator shall have the authority to grant any party all remedies otherwise available by law, including injunctions, but the arbitrator shall not have the power to grant any remedy that would not be available in state of federal court." (Exh. A, ¶ 6.) Thus, Plaintiff is able to seek all possible remedies that would otherwise be available to her under California law.

### 5. There Are No Unreasonable Costs Or Fees For Plaintiff

*Armendariz* held that to be enforceable an employment arbitration agreement "cannot generally require the employee to bear any type of expense that the employee would not be required to bear if he or she were free to bring the action in court." *Armendariz*, 24 Cal. 4th at 110-111.

Here, under the Arbitration Agreement, Del Taco is responsible for paying the fees and costs of the arbitrator. (Exh. A, ¶ 7 "Arbitration Fees and Costs.") However, pursuant to the Arbitration Agreement, Plaintiff would be responsible for paying "an arbitration fee to initiate any arbitration equal to what" she would be "charged as a first appearance fee in court." *Id*. Accordingly, the Arbitration Agreement meets the *Armendariz* procedural requirement because Plaintiff will not

be required to bear any expenses she would not be required to bear if she had brought the action in court.

### 6. The Arbitration Agreement Is Bilateral

Finally, *Armendariz* requires employment arbitration agreements to possess a "modicum of bilaterality" in order to be conscionable. *Armendariz*, 24 Cal. 4th at 117. The court explained that "given the disadvantages that may exist for plaintiffs arbitrating disputes, it is unfairly one-sided for an employer with superior bargaining power to impose arbitration on the employee as plaintiff but not to accept such limitations when it seeks to prosecute a claim against the employee[.]" *Id.* When "the arbitration system established by the employer is indeed fair, then the employer as well as the employee should be willing to submit claims to arbitration." *Id.*

Here, the Arbitration Agreement requires mutual arbitration of all claims specified therein by both Plaintiff and Del Taco and its employees. (Exh. A, ¶ 1.) Thus, the final prong of *Armendariz* is satisfied, rendering the Arbitration Agreement enforceable.

## IV. CONCLUSION

Plaintiff cannot carry her burden of showing that the Arbitration Agreement is unenforceable. Del Taco seeks only to hold Plaintiff to the agreement she made to arbitrate the claims she has brought in this action. The Agreement is a valid, enforceable written agreement binding the parties to arbitration, and which expressly covers Plaintiff's claims. The instant action must be dismissed and submitted to arbitration.

Dated: March 22, 2018

MANATT, PHELPS & PHILLIPS, LLP

By: */s/ Andrew Satenberg*
Andrew Satenberg
Cherise S Latortue
Attorneys for Defendants
DEL TACO, LLC, FLOANEA
"EKA" BROSCOI, and NORMA
HERRERA